

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 26, 1961

Honorable John S. Hovenga
Executive Director
State Teachers Colleges
Box K, Capitol Station
Austin 11, Texas

Opinion No. WW-1173

Re: Whether, under the stated
facts, Davis S. Sanson is
exempt from the payment of
tuition and other fees
under the provisions of
Article 2654b-1 of Vernon's
Civil Statutes.

Dear Mr. Hovenga:

We are in receipt of your request for an opinion
concerning the exemption of tuition fees under Article 2654b-1
of Vernon's Civil Statutes.

The facts are clearly stated in your letter, as
follows:

"David S. Sanson has registered at
Southwest Texas State College. His father
lost his life in the course of duty while
a member of the armed forces of the
United States during World War II. The
father was born and reared in Plainview,
Texas which was his legal residence and
domicile at the time of his death. David
S. Sanson has until now been living with
his mother in Portland, Oregon. Article
2645B-1, Vernon's Annotated Texas Civil
Statutes, provides for the exemption of
certain students from paying tuition and
other fees in Texas schools of higher
education."

Article 2654b-1 provides as follows:

"Section 1. The governing boards
of the several institutions of collegiate
rank, supported in whole or in part by
public funds appropriated from the State
Treasury, are hereby authorized and
directed to except and exempt all citizens
of Texas, who have resided in Texas for
a period of not less than twelve (12)

months prior to the date of registration, and who served during the Spanish-American and/or during the World War as nurses or in the Armed Forces of the United States during the World War, and who are honorably discharged therefrom, and who were bona fide legal residents of this state at the time of entering such service, from the payment of all dues, fees and charges whatsoever, including fees for correspondence courses; provided, however, that the foregoing exemption shall not be construed to apply to deposits, such as library, or laboratory deposits, which may be required in the nature of a security for the return of or proper care of property loaned for the use of students, nor to any fees or charges for lodging, board or clothing. The governing boards of said institutions may and it shall be their duty to require every applicant claiming the benefit of the above exemption to submit satisfactory evidence that the applicant is a citizen of Texas and was a bona fide legal resident of Texas at the time of entering such service and is otherwise entitled to said exemption.

"...

"Sec. 5. _All_ _of_ _the_ _foregoing_ _provisions,_ _conditions_ _and_ _benefits_ hereinabove _in_ _this_ _Article_ _provided_ _for_ _in_ _Section_ _1_ _shall_ _apply_ and accrue to the benefit of men and women of the armed forces of the United States of America during the present national emergency. As used herein the term 'present national emergency' refers to the period of time beginning June 27, 1950, and ending on such date as shall be determined by Presidential Proclamation or Concurrent Resolution of the Congress for purposes of defining a 'basic service period' under Public Law 550, Eighty-second Congress, Second Session, Chapter 875. Provided, that the provisions of this Act shall not apply in the case of persons whose fees and tuition are being paid to the educational institution by the Veterans Administration under Public Law

16, Seventy-eighth Congress, as amended Public Law 894, Eighty-first Congress, Second Session, as amended, or Public Law 346, Seventy-eighth Congress, as amended, as promulgated by the Congress of the United States; or to persons whose fees and tuition are paid directly to the veteran under Public Law 550, Eight-second Congress, as promulgated by the Congress of the United States; nor shall this provision of this Act apply in the case of persons dishonorably discharged from the service in which they were engaged. And, provided further, that the benefits and provisions of this Act shall also apply and inure to the benefit of the children of members of the armed forces of the United States who were killed in action or died while in such service." (Emphasis added)

It is true that the residence requirements of Section 1 apply to the war veterans themselves. However, the underscored provisions of Section 5 incorporate the conditions and requirements of Section 1.

The exemptions of Section 1 and 5 of Article 2654b-1 apply only to those veterans who are citizens of Texas, or who have resided in this state for a period of not less than twelve (12) months prior to their registration in the state institution. These requirements force us to the conclusion that the legislature intended the exemption only for residents of this state since a veteran who was a Texas resident at the time of his military service would not be entitled to the exemptions unless he complied with the above discussed residence requirements.

Since the veterans themselves must be residents of Texas at the time of their registration, we are of the opinion that the legislature meant for all persons exempt to be residents. Therefore, children of the deceased veterans also must satisfy the residence requirements of Article 2654b-1. David S. Sanson, therefore, would not be eligible for the exemptions.

### S U M M A R Y

A child of a veteran who lost his life in World War II is not entitled

to the exemption of Article 2654b-1 of
Vernon's Civil Statutes if the child
was not a citizen of Texas or had not
resided in Texas for twelve (12) months
or more prior to the date of his regis-
tration.

Yours very truly,

WILL WILSON
Attorney General of Texas

FDW:zt:lgh

By Fred D. Ward
Fred D. Ward
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. O. Shultz, II.
Iola B. Wilcox
Gordon Zuber
J. Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.